# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| M.G., | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-84-JD-PRC |
| | ) | |
| M.F., | ) | |
| FREDERICK FREGO, and | ) | |
| STEPHEN KIL, | ) | |
|      Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for a More Definite Statement [DE 16], filed by Defendant M.F. on April 30, 2015. The other two Defendants have not joined this Motion. From May 14, 2015, to September 3, 2015, this case was stayed while the parties pursued alternative means of resolving the case. Plaintiff M.G. filed a response on October 1, 2015.[1] Defendant M.F. filed a reply on October 7, 2015.

In his Motion, Defendant argues that Plaintiff's identification of herself by only her initials renders her Complaint too vague and ambiguous for Defendant to ascertain who Plaintiff is for the purpose of proceeding with litigation. Defendant requests that the Court order Plaintiff to provide a more definite statement setting forth Plaintiff's full name in the caption and throughout the pleadings.

Rule 12(e) of the Federal Rules of Civil Procedure provides:

    A party may move for a more definite statement of a pleading to

---

[1] Plaintiff's counsel is reminded that, though the Hammond Division's local time zone is Central Time, the entire Northern District of Indiana, including Hammond Division, observes Eastern Time for the purpose of electronic filing. Filings must be made prior to midnight Eastern Time (11:00 p.m. Central Time) in order to be considered timely filed. *See* N.D. Ind. CM/ECF Civil & Crim. User Manual 8.

which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). Defendant's Motion meets these requirements.

In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. Federal Rule of Civil Procedure 10 requires a complaint to name all of the parties. "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

Whether to allow a party to proceed anonymously is left to the district court's discretion. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) (dictum). District court decisions identify various factors courts have considered in balancing the interests at stake. *See, e.g.*, *Doe v. City of Indianapolis*, 1:12-cv-62, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (presenting a five-factor list); *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996) (listing a similar set of six factors and an additional two factors). However, the Seventh Circuit Court of Appeals has not identified a specific set of factors a district court must consider, though it has noted that parties may be allowed to proceed anonymously "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d at 872. Because of the sparsity of Plaintiff's argument in favor of litigating anonymously, the Court will not look at a long list of factors but will instead weigh the pertinent interests of Defendant, Plaintiff, and the public, bearing in mind that "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be

rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

Plaintiff argues that she should be allowed to litigate identified only by her initials because Defendant knows who she is as a result of the small workforce they are both a part of, the Order of Protection Plaintiff holds against Defendant, and both parties' in-person participation in settlement discussions. Plaintiff is correct that weighing the Defendant's interest in knowing his accuser is one interest for the Court to balance, and she has presented some reasons why Defendant's interest may be lower than normal. However, even if Plaintiff has established that Defendant knows Plaintiff's identity, that is not, by itself, sufficient for this Court to allow Plaintiff to litigate anonymously.

While Plaintiff presented several arguments regarding the weakness of Defendant's interest, her argument for finding her own interest greater than normal lacks support. Plaintiff asserts in her response that "there are exceptional circumstances. . . . M.G. complains of sexual abuse by Defendant M.F. This too is a legitimate basis [for allowing anonymity]." (Pl. Resp. 2). Plaintiff cites no law in support. Plaintiff must do more in arguing her position than merely state a legal conclusion. Plaintiff also contends that "[t]he retaliation against M.G. by the Defendants and their agents has been relentless," but Plaintiff provides no evidence, examples, or discussion to support this statement. *Id.* at 3. "The danger of retaliation is often a compelling ground for allowing a party to litigate anonymously," *Doe v. City of Chicago*, 360 F.3d at 669, but without more, the Court cannot rely on this bald assertion to find that Plaintiff is particularly vulnerable.

The public interest in requiring parties to be named is high. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d at 872. Plaintiff has failed

to rebut the presumption in favor of requiring parties to be named in litigation. Consequently, the Court cannot find that there are exceptional circumstances in favor of preserving Plaintiff's anonymity that outweigh the public interest in openness of judicial proceedings.

Finally, the Court notes that neither party argues that Defendant should be allowed to litigate anonymously.[2]

Accordingly, the Court hereby **GRANTS** the Motion for a More Definite Statement [DE 16] and **ORDERS** Plaintiff to file, on or before **October 26, 2015**, a more definite statement identifying Plaintiff M.G. and Defendant M.F. by their legal names.

SO ORDERED this 13th day of October, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

---

[2] Plaintiff asks the Court to take notice that Plaintiff chose to name Defendant only by his initials as a protection for him. The Court takes notice, but Plaintiff's action does not change the Court's analysis.