# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOAN GORCOS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-84-JD-PRC |
| | ) | |
| FREDERICK FREGO, STEPHEN KIL, | ) | |
| MICHAEL FRYZEL, JAMES | ) | |
| TURTURILLO, and TOWN OF ST. JOHN, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Petition for a Rule to Show Cause Directed to Third Party Mr. David Delgado as to Documents Sought by Plaintiff [DE 109] and a Petition for a Rule to Show Cause Directed to Third Party Ms. Sabina Delgado as to Documents Sought by Plaintiff [DE 110], both filed by Plaintiff Joan Gorcos on May 25, 2016.

Under Federal Rule of Civil Procedure 45, "intervening court involvement is required prior to initiation of contempt proceedings if the recipient of the subpoena serves a written objection on the party." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (citing the 2007 version of Fed. R. Civ. P. 45). "On receipt of such an objection, the party serving the subpoena 'may move the issuing court for an order compelling production or inspection,' and the production or inspection 'may be required only as directed in the order.'" *Id.* (quoting Fed. R. Civ. P. 45(c)(2)(B)(i), (ii) (amended 2007), which are now located, in substantially the same form, at Fed. R. Civ. P. 45(d)(2)(B)(i), (ii)).

Plaintiff, in the instant motions, indicates that subpoenas were served on David Delgado and Sabina Delgado on April 14, 2016, and that the Plaintiff's counsel received objections to the subpoenas on or about April 26, 2016, less than fourteen days later and before the dates of

compliance listed on the subpoenas. *See* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). Accordingly, the proper motion to bring to enforce these subpoenas is a motion to compel under Rule 45(d)(2)(B)(i), not a motion for sanctions under Rule 45(g).

The Court also notes that an earlier subpoena was served on David Delgado on April 7, 2016. There is no indication that the service was followed with mail, pursuant to Indiana Rule of Trial Procedure 4.1(B). *See also* Fed. R. Civ. P. 4(e)(1) (providing that service on individuals may be made in federal litigation by following the law of the state in which the district court is located). Under Rule 45(d)(2)(B), an objection to the April 7, 2016 subpoena should have been served on Plaintiff by April 25, 2016, one day before the date when Plaintiff reports receiving David Delgado's objection. However, Plaintiff only reported receiving the objection *on or about* April 26, 2016, the subpoenas relate to the same subject matter, and Plaintiff does not indicate when the objection was postmarked. Consequently, the Court, in the interest of justice, will consider the objection as filed for the purpose of requiring the Plaintiff to first file a motion to compel before moving for sanctions.

Based on the foregoing, the Court hereby **DENIES** as procedurally improper the Petition for a Rule to Show Cause Directed to Third Party Mr. David Delgado as to Documents Sought by Plaintiff [DE 109] and the Petition for a Rule to Show Cause Directed to Third Party Ms. Sabina Delgado as to Documents Sought by Plaintiff [DE 110].

SO ORDERED this 27th day of May, 2016.

                                                s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT

cc:      Jeremy Thompson, counsel for David Delgado
         3800 Howard Hughes Parkway
         Suite 500
         Las Vegas, NV 89169

         Sabina Delgado
         9425 Grasselli Ave.
         Saint John, IN 46373