UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOAN GORCOS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:15-CV-84-JD-PRC |
| ) | |
| FREDERICK FREGO, STEPHEN KIL, ) | |
| MICHAEL FRYZEL, JAMES ) | |
| TURTURILLO, and TOWN OF ST. JOHN, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion of Elizabeth "Beth" Hernandez to Quash Subpoena and for Entry of Protective Order [DE 81], filed by nonparty Elizabeth Hernandez on April 26, 2016, a Motion of Cliff Wroe to Quash Subpoena and for Entry of Protective Order [DE 83], filed by nonparty Cliff Wroe on April 26, 2016, and a Motion for Leave to File Surreply to Movant Hernandez's Reply [DE 102], filed by Plaintiff Joan Gorcos on May 13, 2016. Gorcos filed responses to the motions to quash on May 5, 2016, and Hernandez and Wroe filed replies in support of their motions to quash on May 12, 2016, and June 9, 2016, respectively. Hernandez filed a response to the motion for leave to file surreply on May 27, 2016. Gorcos has not filed a reply in support of the motion for leave to file surreply, and the deadline to do so has passed.

Gorcos sent subpoenas to Hernandez and Wroe for discovery in the form of answers to written questions and production of documents. Gorcos has since withdrawn the subpoenas to the extent they seek written answers to questions. The portion of the subpoenas that were not withdrawn command Hernandez and Wroe to produce documents, namely all "Spillman" messages given to Hernandez and Wroe or provided by them to others. Gorcos alleges that Spillman messages written

by her and her son were "leaked" in retaliation for her complaining about the alleged conduct that is the subject of this lawsuit.

## A. Motion for Leave to File Surreply

Gorcos seeks the Court's leave to file a surreply to Hernandez's motion to quash in order to present evidence that Hernandez began her current employment with Defendant Town of St. John after most of the events at issue in the subpoena. Gorcos does not explain why she did not present this evidence in her response to Hernandez's motion, which references Hernandez's employment by the Town of St. John. Further, Gorcos's evidence of Hernandez's employment is a social media post dated January 5, 2016, and there is no allegation that Gorcos could not access this information when filing her response, which includes other social media content as exhibits. Finally, as set forth below, the Court's analysis in ruling on Hernandez's Motion to Quash is not dependent on who was Hernandez's employer during the events at issue. Consequently, the Court denies the Motion for Leave to File Surreply.

## B. Motions to Quash

Hernandez and Wroe argue that the subpoenas should be quashed and that a protective order should be issued because the discovery sought is irrelevant, overly-broad, oppressive, unduly burdensome, and unreasonable. Hernandez and Wroe contend that the information sought could be obtained through discovery on the Town of St. John, a defendant in this action. Hernandez and Wroe also argue that the subpoenas are invalid for procedural reasons.

First, Hernandez and Wroe assert that, because the parties have not yet had their Rule 26(f) conference, the subpoenas are premature under Federal Rule of Civil Procedure 26(d). Gorcos asserts that a Rule 26(f) planning meeting occurred in October 2015, although Gorcos and the

Defendants disagree regarding whether the meeting was completed. The Court need not address whether the subpoenas are premature under Rule 26(d) because there are independent grounds to quash the subpoenas.

The Second Amended Complaint asserts civil rights, battery, and false imprisonment claims against Defendant Fryzel; a conspiracy claim against Defendants Kil and Frego; sexual discrimination, harassment, and retaliation claims against Defendant Town of St. John; and negligence claims against Defendants Frego, Turturillo, and Fryzel.

Gorcos argues that the messages sought from Hernandez and Wroe are relevant because they show efforts to retaliate against her for bringing the instant lawsuit and to attempt to intimidate her into dismissing it. While these allegations are connected to the instant lawsuit, connection is not enough. Discovery must be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

If Hernandez or Wroe distributed or received the Spillman messages at issue, this was done either in consort with a defendant (or defendants) or separate from any defendant involvement. To the extent Hernandez or Wroe allegedly acted without any of the defendants' involvement, these actions are not relevant to this lawsuit. Such independent actions by these nonparties alleging racial profiling do not have a tendency to make a fact of consequence in this lawsuit any more or less probable. *See* Fed. R. Evid. 401.

To the extent Hernandez or Wroe allegedly acted with a defendant in the instant lawsuit (Fryzel is alleged to have taken part), the discovery request should have been sent to that defendant. "A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents." *Countryman v.*

*Cmty. Link Fed. Credit Union*, No. 1:11-cv-136, 2012 WL 1143572, at *5 (N.D. Ind. Apr. 3, 2012) (quoting *Arthrex, Inc. v. Parcus Med., LLC*, No. 1:11-mc-107, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011)); *see* Fed. R. Civ. P. 26(b)(2)(C) ("the court must limit the frequency or extent of discovery . . . if it determines that (i) the discovery sought . . . can be obtained from some other source that is more convenient[ or] less burdensome."). Gorcos has not indicated that she is unable to obtain the documents sought from Fryzel or any other defendant. Consequently, the Court quashes the subpoenas.

Hernandez and Wroe also ask that the Court issue a protective order prohibiting premature, irrelevant, improper, and unduly burdensome discovery. To the extent this request is for an order declaring that Hernandez and Wroe need not respond to the subpoenas discussed in this order, the request is granted. To the extent the request, made by nonparties to this litigation, more broadly asks for a protective order limiting future discovery requests not yet made in this litigation, the motion is not well-taken, though the Court reminds the parties that all discovery requests should comply with the Federal Rules of Civil Procedure.

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion of Elizabeth "Beth" Hernandez to Quash Subpoena and for Entry of Protective Order [DE 81] and Motion of Cliff Wroe to Quash Subpoena and for Entry of Protective Order [DE 83] and **DENIES** the Motion for Leave to File the Attached Surreply to Movant Hernandez's Reply [DE 102]. The Motions to Quash and for Protective Order are granted to the extent they ask for the subpoenas at issue to be quashed and for an order declaring that the movants need not respond to those subpoenas and are denied to the extent they ask for broader protective orders. The Court **ORDERS** that the April 9, 2016 subpoena served by Gorcos on Hernandez and the April 11, 2016

4

subpoena served by Gorcos on Wroe are hereby **QUASHED**. Hernandez and Wroe do not need to respond to these subpoenas.

SO ORDERED this 14th day of June, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: Matthew S. Clark, counsel for Elizabeth Hernandez and Cliff Wroe