UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOAN GORCOS                          )
                                     )
              Plaintiff,             )
                                     )
       v.                            )        Case No. 2:15-CV-084 JD
                                     )
TOWN OF ST. JOHN, *et al.*,          )
                                     )
                                     )
              Defendants.            )

## OPINION AND ORDER

This case arises from Plaintiff Joan Gorcos' allegation that she experienced sexual

harassment while employed as an administrative assistant for the Town of St. John, Indiana (the

Town). Her complaint brings numerous claims against the Town, Town Manager Stephen Kil

and Town police officers Frederick Frego, Michael Fryzel and James Turturillo. The Defendants

have now filed three motions to dismiss in which they argue that several of the counts alleged in

Gorcos' second amended complaint fail to state a claim upon which relief can be granted. [DE

62, 86, 88].[1] The Plaintiff has responded by opposing those motions and arguing that one of

them should be stricken as untimely. [DE 105]. The parties' motions are now fully briefed and

ripe for review.

---

[1] Fryzel brings his motion to dismiss Count VI as barred by the Indiana Workmen's Compensation Act under Rule
12(b)(1), though this argument is more appropriately advanced under Rule 12(b)(6) and the Court construes it as
such. *See Hardin v. Gen. Elec. Co.*, No. IP02-0993, 2003 WL 23104228, at *2 (S.D. Ind. Dec. 12, 2003)
("Although, because of diversity jurisdiction, application of the [Workmen's Compensation] Act to a plaintiff's
claim does not relieve federal courts of subject matter jurisdiction as it does state courts, federal courts, too, are
bound by the exclusivity provision of the Act. If the Act is found to apply, a plaintiff's claim must be dismissed for
failure to state a claim upon which relief may be granted.") (citation omitted).

**STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court will take the facts alleged by the Plaintiff to be true and draw all reasonable inferences in her favor. A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, that statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Evaluating whether a Plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

**FACTS**

Plaintiff Joan Gorcos was employed as an administrative assistant for the Town of St. John, Indiana Police Department. In the course of her employment, she alleges that she was sexually harassed by three police officers: Commander Michael Fryzel, Police Chief Fred Frego and Sergeant James Turturillo. She contends that these officers engaged in numerous instances of misconduct, including:

> July 10, 2013: Fryzel, in a room with Gorcos and Turturillo, told Gorcos that if he were chief of police "dispatchers would wear mini-skirts and halter tops" and "you would look awesome because of your big melons." When Gorcos responded that this comment constituted harassment, Fryzel said "I didn't say anything wrong. In fact, Jim, didn't she just grab my cock?" Turturillo responded "Yes, sir, she did." [DE 79 at 8-9].

> February 2, 2015: Gorcos walked into Frego's office with Turturillo and Fryzel behind her. While she was speaking to Frego, he began to cover up a smile. Gorcos turned around and saw Fryzel who stated, while cupping his hands, "I was noticing how big your breasts looked today . . . they look really huge." Turturillo laughed. Gorcos asked Frego to reprimand Fryzel, but Frego instead exclaimed "Michael, Michael, Michael[!]" Fryzel again cupped his hands and commented on Gorcos' breasts. Frego laughed and

told him to stop.  When Gorcos left Frego's office, Fryzel followed her down the hall and slapped her buttocks.  [DE 79 at 6-7].

February 4, 2015: Fryzel and Turturillo were in Gorcos' office and Fryzel stated to Turturillo "Look at those melons.  They look hmm-hmm good."  Gorcos turned to Turturillo stating "isn't that a violation of [the sexual harassment] policies that you just wrote?"  Fryzel then said, "Those policies don't apply to me.  I am a commander, so they don't apply."  [DE 79 at 8].

March 2, 2015: Fryzel entered Gorcos' office and said, among other things, "I wanted to come in and see your big titties but it was [okay] because I used the thought of them to spank it over the weekend" and "I'm a sick fucker."  He further poked Gorcos' breasts, said "I can just imagine my cock between your breasts" and thrusted his hips.  He also ran his hand up Gorcos' right leg, while repeating "I just want to do you."  [DE 79 at 5-6].[2]

On March 3, 2015, Gorcos says that she reported the March 2, 2015 incident to Frego.

Frego and Town Manager Kil then called Gorcos to Frego's office on March 4, 2015.  They told

Gorcos she did not need a lawyer, that she should not report any of the harassment she

experienced and that Fryzel would retire immediately in exchange for "complete

confidentiality."  [DE 79 at 10].  Kil and Frego pressured Gorcos to take this deal and told her

that if she did not, Fryzel would fight her "tooth and nail" and it would "get ugly."  *Id.*

Gorcos did not take the deal.  Rather, she filed for a protective order against Fryzel,

which she obtained on March 6, 2015.  She also served a notice of tort claims on the Town and

filed a complaint with the EEOC (and, later, a supplemental complaint for retaliation).  She

received a right to sue letter from the EEOC on October 21, 2015 and this lawsuit followed on

March 9, 2015.

This matter is now before the Court on motions to dismiss causes of action in Gorcos'

second amended complaint.  That complaint alleges nine counts: (1) Fourth Amendment

violation via 42 U.S.C. § 1983 against Fryzel; (2) 42 U.S.C. § 1985 conspiracy against Kil and

---

[2] The Plaintiff's filings frequently use the notation "[sic]" where there is no error in an original quoted source.  The Court has removed those notations for the sake of clarity.

Frego; (3) Title VII against the Town; (4) Title VII retaliation against the Town; (5) negligent retention against the Town, (6) negligence against Frego, Turturillo and Fryzel, (7) battery and false imprisonment against Fryzel, (8) declaratory relief against the Town and (9) 42 U.S.C. § 1986 failure to prevent a conspiracy against Kil, Frego, Fryzel and Turturillo.

This order addresses four motions. First, Frego, Kil, Turturillo and the Town filed a motion to dismiss Gorcos' second, fifth, sixth and ninth claims and to strike her eighth claim. [DE 62, 63, 69, 70]. While that motion was filed in regard to Gorcos' first amended complaint, the parties have since agreed that it should be considered as to all of the above counts but the sixth count of Gorcos' operative second amended complaint. [DE 80]. Second, Defendants Frego and Turturillo have filed a motion to dismiss Gorcos' now-revised sixth claim. [DE 86, 87, 106, 108]. Third, Defendant Fryzel has moved to dismiss Gorcos' first and sixth claims. [DE 88, 89, 107, 113]. Fourth, the Plaintiff filed a motion to strike Defendant Fryzel's motion [DE 88] as untimely. [DE 105, 114]. The Court now evaluates the merits of these motions.

## ANALYSIS

Motions to Strike

The Court initially addresses the parties' motions to strike. First, the Plaintiff seeks to strike Fryzel's motion to dismiss count I of her complaint [DE 88] because she says it was not filed in compliance with the Court's minute order of April 13, 2016 [DE 80]. [DE 105]. In that order, the Court recognized that the Plaintiff's second amended complaint differs from her first amended complaint only as to count VI. Accordingly, in the interest of efficiency, the Court proposed to consider the motion to dismiss the first amended complaint filed by Frego, Kil, Turturillo and the Town as to all counts other than count VI of the second amended complaint.

The Court further indicated that the parties should file any objections to that proposed course of action prior to April 20, 2016. [DE 80]. The parties did not file any objections by that date.

Gorcos now argues that Fryzel's motion to dismiss, which addresses a count other than count VI and comes eight days after the objection deadline set by the Court, is untimely. Fryzel responds that the minute order applied to defendants other than him and that his motion to dismiss was timely filed by the deadline to respond to Gorcos' second amended complaint.

The Court's minute order merely referenced a previous motion to dismiss filed by defendants other than Fryzel and proposed considering that motion as to Gorcos' most recent complaint. It in no way constrained the time period in which Fryzel was permitted to file a motion to dismiss. Thus, after Gorcos filed an amended complaint, Fryzel was entitled to respond to it within the time allotted by the Federal Rules. *See* Rule 15(a)(3) (providing that a response to an amended complaint must be made within fourteen days or within the time left to respond to the original complaint, whichever is greater). He did so by timely filing the motion to dismiss at issue here.[3] Further, the filing of that motion came at no prejudice to the Plaintiff, who has fully responded to it. [DE 107]. As such, the Court denies the Plaintiff's motion to strike.

Next, the Defendants seek to strike the Plaintiff's request for declaratory relief. That seeks a declaration that "the Town of St. John failed to properly execute or implement its policies against sexual harassment (to include sexual abuse/violence) in the St. John workplace (thereby causing injury to Plaintiff and the public)." [DE 79 at 25]. The Defendants argue that this request is needlessly duplicative, as the underlying lawsuit will resolve the issues raised by

---

[3] Fryzel's motion was actually filed eighteen days after Gorcos filed her amended complaint, but it was nevertheless timely filed. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that if a deadline falls on a weekend, the deadline is extended to the next non-holiday Monday); Fed R. Civ. P. 6(d) (extending deadlines by three days for parties who effect service electronically).

the declaratory judgment. The Plaintiff responds that a declaratory judgment would realize important social interests.

The Court agrees with the Defendants that a declaratory judgment would be unnecessarily redundant. While the Declaratory Judgment Act gives the district court the ability to declare the rights of litigants, it confers the discretion to do so upon the Court rather than "an absolute right" upon the parties. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). It is intended "to afford parties who are threatened with liability but are otherwise without a satisfactory remedy a means for early adjudication of the controversy." *Northland Ins. Co. v. Gray*, 240 F. Supp. 2d 846, 848 (N.D. Ind. 2003). In contrast, declaratory relief is inappropriate "where the substantive suit would resolve the issues raised by the declaratory judgment action[.]" *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002). In such a circumstance, the declaratory judgment action "'serve[s] no useful purpose' because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." *Id.* (quoting *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987)) (alteration in original).

Here, the declaratory relief sought by Gorcos would serve no useful purpose. It would simply declare that the Town failed to adequately protect Gorcos against sexual harassment, which is a basic premise behind one of her substantive claims. Further, while the Plaintiff contends that there would be social value behind a declaratory judgment, any such social value will be equally well realized by the progression of the merits of her suit. Accordingly, the Court grants the Defendants' motion to strike Gorcos' request for a declaratory judgment. *See Cincinnati Specialty, Underwriters Ins. Co. v. DMH Holdings, LLC*, No. 3:11-CV-357, 2013 WL

683493, at *4 (N.D. Ind. Feb. 22, 2013) (striking a counterclaim where it restated issues "already before the court by virtue of the complaint").

<u>Count I (Fourth Amendment Via § 1983 Against Fryzel)</u>

The Court next turns to Fryzel's motion to dismiss the Fourth Amendment § 1983 claim against him. In that count, Gorcos asserts that Fryzel offensively touched her and that she reasonably believed she could not leave while Fryzel was touching her. She says this plausibly alleges a seizure and thus states a Fourth Amendment claim. Fryzel responds that this conduct cannot constitute a Fourth Amendment violation since it did not occur in the course of a police investigation, but rather is an allegation of workplace harassment.

The Fourth Amendment is not a proper basis for Gorcos' claim, because Fryzel's alleged conduct did not occur in the course of "a criminal investigation or other form of governmental investigation or activity." *Poe v. Leonard*, 282 F.3d 123, 136 (2d Cir. 2002). Rather, Gorcos alleges that Fryzel inappropriately interacted with her as a coworker by, among other things, touching her breasts and making lewd comments. Those actions appear unrelated to any government purpose, but instead to have been taken for Fryzel's own sexual gratification. *See Hoit v. Capital Dist. Transp. Auth.*, No. 1:15-CV-0134, 2016 WL 3947613, at *14 (N.D.N.Y. July 19, 2016) (dismissing Fourth Amendment § 1983 count for failure to state a claim where "Defendants' actions in tea-bagging Plaintiff were for purely personal reasons unrelated to any governmental purpose."). Accordingly, Gorcos has not stated a valid claim for relief under the Fourth Amendment and that claim is properly dismissed. *See id.*; *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997) (noting the district court's dismissal of a Fourth Amendment § 1983 claim arising from a superintendent's harassment of a teacher since "there was no investigatory or administrative benefit to the government in [the superintendent's] course of conduct"); *Jones*

*v. Wellham*, 104 F.3d 620, 628 (4th Cir. 1997) ("Because the harm inflicted did not occur in the course of an attempted arrest or apprehension of one suspected of criminal conduct . . . the claim was not one of a Fourth Amendment violation").

The Court does, however, agree with Gorcos that her complaint contains a sufficient factual basis to make out a plausible Fourteenth Amendment claim. *See Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) (noting that a plaintiff need only plead facts, not legal theories). Section 1983 provides a remedy for a plaintiff who is subjected to sexual harassment in violation of the Fourteenth Amendment. *Passananti v. Cook Cty.*, 689 F.3d 655, 662 (7th Cir. 2012). Establishing such a claim requires showing that the defendant (1) acting under color of law (2) harassed the plaintiff (3) because of her gender. *See Trautvetter v. Quick*, 916 F.2d 1140, 1148-49 (7th Cir. 1990).

Gorcos' allegations satisfy these criteria. First, she has alleged that Fryzel acted under color of law. "Action is taken under color of state law when it involves a misuse of power, 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' As a result, acts by a state officer are not made under color of state law unless they are related in some way to the performance of the duties of the state office." *Valentine v. City of Chicago*, 452 F.3d 670, 682–83 (7th Cir. 2006) (quoting *Honaker v. Smith*, 256 F.3d 477, 484-85 (7th Cir. 2001)). In the context of a Fourteenth Amendment sexual harassment claim, that requires showing that the defendant had some authority by virtue of his position that he used in connection with the plaintiff's harassment. *Id*. at 683 (concluding that a reasonable juror could find the defendants acted under color of law in light of supervisory decisions they made regarding an employee that harassed the plaintiff); *Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 414 (7th Cir. 1997) (finding that the plaintiff satisfactorily alleged that

the defendant acted under color of law where the defendant harassed the plaintiff "in pursuit of her own interests" but she "was able to do so solely because of the position of authority she enjoyed"). Here Gorcos asserts that Fryzel was her supervisor and harassed her at work during work hours. Further, she alleges that on one occasion, after Fryzel made disparaging comments to her, she asked Turturillo if Fryzel's comments were a violation of the sexual harassment policies Turturillo had written. Fryzel, who was senior to Turturillo, then said that the sexual harassment policies did not apply to him because he was a commander. These allegations plausibly suggest that Fryzel used the authority of his office to avoid responsibility for his workplace harassment of a subordinate and thus that he acted "under color of law." *See DelGadillo v. Town of Cicero*, No. 11 C 7342, 2012 WL 3961234, at *7 (N.D. Ill. Sept. 10, 2012) (finding that the plaintiff adequately alleged the defendants were acting under color of law where, among other things, all of the alleged discriminatory conduct took place at work and the defendants used their positions as the plaintiff's supervisors to harass her and to prevent her from complaining about their conduct).

Gorcos also plausibly alleges that Fryzel harassed her. The harassment prong of an Equal Protection claim is similar to a Title VII harassment analysis. It requires the plaintiff to demonstrate harassment that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. *Trautvetter*, 916 F.2d at 1149. Here Gorcos complains of numerous lewd comments, unwelcome sexual propositions and multiple offensive touchings. In aggregate, those misdeeds suffice to allege a hostile work environment. *See DelGadillo*, 2015 WL 1502410 at *12 ("Taken as a whole, this behavior— which includes verbal harassment, frequent and degrading physical touching, and humiliating comments—could be viewed as creating a hostile work environment.").

Finally, Gorcos' allegations satisfy the intent requirement for an Equal Protection violation. This requires demonstrating that the defendant harassed the plaintiff because of her sex, rather than for other reasons, like personal characteristics aside from gender or a personality conflict. *King v. Bd. of Regents of Univ. of Wisconsin Sys.*, 898 F.2d 533, 538-39 (7th Cir. 1990). A defendant may act out of discriminatory animus even if he is motivated in part by something else, such as his own sexual desire. *Owens v. Ragland*, 313 F. Supp. 2d 939, 946 (W.D. Wis. 2004) ("Even if defendant's reasons for making the statements were not *solely* because of her gender (if he chose plaintiff because she was a woman *and* he was sexually attracted to her), this would be enough to show discrimination because of sex."). In this case, the factual allegations set forth above are amply sufficient to demonstrate that Fryzel harassed Gorcos on account of her gender. *See King*, 898 F.2d at 539. As such, the Court finds that the Plaintiff has stated a plausible claim for relief against Fryzel under the Fourteenth Amendment's Equal Protection Clause via § 1983. *See Trautvetter*, 916 F.2d at 1148-49 (presuming that the Plaintiff had adequately pled a Fourteenth Amendment violation where she asserted only a general deprivation of her constitutional rights under § 1983 though alleged "sexual harassment" throughout her complaint).

<u>Counts II (§ 1985 Against Kil and Frego) and IX (§ 1986 Against Kil, Frego, Fryzel and Turturillo)</u>

The Defendants next contend that Gorcos has not sufficiently pled her § 1985 claim against Kil and Frego for conspiracy to interfere with her civil rights.[4] They argue that this claim is barred by the intracorporate conspiracy doctrine and that, even if it was not, Gorcos does not

---

[4] While the Plaintiff does not specify the subsection of § 1985 under which she seeks to proceed, that does not affect the Court's analysis. The Seventh Circuit has rejected the notion that the intracorporate conspiracy doctrine only applies to particular sections of § 1985. *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111 (7th Cir. 1990).

allege sufficient facts to give rise to a plausible claim for conspiracy. Gorcos responds that her claim is adequately pled and that the intracorporate conspiracy doctrine does not bar her § 1985 claim since Kil and Frego's conduct falls outside the scope of their employment.[5]

Under the intracorporate conspiracy doctrine, members of the same entity are not considered separate persons capable of conspiring with each other. Thus, even if they act in concert they cannot satisfy § 1985's conspiracy requirement unless they are joined by an outside party. *See Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972). This doctrine is not limited to businesses, but also "applies with full force to government entities" like towns. *DelGadillo*, 2015 WL 1502410, at *14 n. 16; *accord Wright*, 40 F.3d at 1508 (finding that the intracorporate conspiracy doctrine barred a § 1985 claim against individual members of a single government entity); *Allen v. City of Chicago,* 828 F.Supp. 543, 564 (N.D. Ill. 1993) (holding that a mayor, city commissioner and members of a city council were all members of the same municipal corporation and thus not separate persons capable of conspiring with each other for the purposes of § 1985).

Gorcos alleges that two Town employees, Frego and Kil, conspired to prevent her from reporting Fryzel's conduct or filing a grievance against Fryzel. These actions were directly related to their occupational duties. Indeed, Kil and Frego "could only have conspired to coverup or conceal [Fryzel's] conduct within their official capacities . . . they would have been in no position to have controlled or hindered any investigation into [Fryzel's] conduct as individual citizens. Nor did they have any authority to take any action against [Gorcos] outside their

[5] Gorcos also contends, without any supporting authority, that raising intracorporate conspiracy amounts to a premature qualified immunity argument. [DE 69 at 4]. But qualified immunity and the intracorporate conspiracy doctrine are separate theories and the latter is appropriately raised on a motion to dismiss. *See Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1509 (7th Cir. 1994) (affirming district court's dismissal of a § 1985 count under the intracorporate conspiracy doctrine).

administrative roles." *Doe v. Bd. of Educ. of Hononegah Cmty. High Sch. Dist. No. 207*, 833 F. Supp. 1366, 1382 (N.D. Ill. 1993); *see also Rhodes v. Deere*, No. 90 C 20336, 1991 WL 352612, at *3 (N.D. Ill. Oct. 18, 1991). As such, the intraconspiracy doctrine bars Gorcos' § 1985 claim.

Gorcos nevertheless contends that this is not so because Kil and Frego did not act lawfully or within the scope of their employment. She is correct that officials are not protected by the intracorporate conspiracy doctrine where they act outside their scope of employment. But in the context of § 1985, that requires a demonstration that the Defendants acted *solely* out of personal bias, rather than out of any employment-based motivation, such as a desire to advance the interests of an institution. *Odogba v. Wisconsin Dep't of Justice*, 22 F. Supp. 3d 895, 914 (E.D. Wis. 2014); *Hartman v. Bd. of Trustees of Cmty. Coll. Dist. No. 508, Cook Cty., Ill.*, 4 F.3d 465, 470 (7th Cir. 1993).

This exception to the intracorporate conspiracy doctrine is not supported by the allegations of Gorcos' complaint. Gorcos' principle allegation with regard to Kil and Frego is that they intimidated her to not report misconduct by Fryzel. She provides no basis to believe those actions were motivated solely by gender-based animus. Nor do her allegations provide any basis to believe that Kil and Frego did not act, at least in part, out of a desire to protect the Town against allegations of sexual harassment. Indeed, as to Kil, Gorcos does not allege facts indicating that he harbored *any* gender-based animus. As such, the Court cannot conclude that Kil and Frego acted entirely out of prohibited animus, which precludes application of the personal bias exception. *See Hartman*, 4 F.3d at 470 (employees did not act solely out of personal bias and thus outside the scope of their employment where the plaintiff did not show that the employees' actions were not at all motivated by collegiate organization's interest in educational success); *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 642 (7th Cir. 2006)

(defendants did not act exclusively out of personal bias where the Plaintiff "failed to establish that they were motivated solely by their racial animus so that the Defendant's interests in maintaining quality education program played no interest at all in their decisions"); *Cole v. Bd. of Trustees of N. Illinois Univ.*, 38 F. Supp. 3d 925, 935 (N.D. Ill. 2014) ("there [is no] plausible suggestion that defendants were only motivated by selfishness (rather than the business of running NIU)").

The Court thus finds that the intracorporate conspiracy doctrine bars the Plaintiff's § 1985 claim.[6] That is consistent with the Seventh Circuit's directive that "§ 1985 and other statutes of its time should not be read so broadly that they occupy the territory of more recent civil rights laws." *Travis*, 921 F.2d at 110. The allegations in this case point to employment discrimination, not a civil rights conspiracy, and this matter should proceed as such.[7] Further, since § 1986 merely provides a remedy for failure to rectify a violation of § 1985, the dismissal of the Plaintiff's §1985 claim requires dismissal of her § 1986 claim as well. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("because [the plaintiff] has failed to state a § 1985 claim, his § 1986 claim fails as well").

<u>Count V (Negligent Retention Against the Town)</u>

The Court next turns to Gorcos' negligent retention claim. Here, Gorcos alleges that the Town failed to discharge Fryzel, despite its ability to foresee his misconduct. The Town argues that this claim must be dismissed because it is within the exclusive jurisdiction of the Indiana

---

[6] Gorcos' § 1985 claim is likely improper for another reason: that statute is a device to permit recovery from a private actor who has conspired with state actors, but all of the Defendants in this case are state actors. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (finding a § 1985 claim "superfluous" in a § 1983 suit against state-actor defendants); *see also Scott v. City of Chicago*, 619 F. App'x 548 (7th Cir. 2015) (finding that § 1985 "has no role to play" where all defendants are public employees) (unpublished).

[7] Since the Court dismisses the § 1985 claim under the intracorporate conspiracy doctrine, it does not reach the question of whether the Plaintiff's allegations were otherwise sufficient to state a claim for violation of that statute under the Rule 12(b)(6) plausibility standard.

Workmen's Compensation Act under Indiana Code § 22-3-2-6.[8]  The Defendant provides no substantive argument to the contrary, merely citing *Fields v. Cummins Employees Fed. Credit Union*, 540 N.E.2d 631 (Ind. Ct. App. 1989) for the proposition that "negligent retention has been recognized in Indiana."  [DE 69 at 6].

Nevertheless, the Court finds the Workmen's Compensation Act inapplicable to Gorcos' negligence claim.  Under Indiana Code § 22-3-2-6, workmen's compensation is an exclusive remedy for "personal injury or death."  The Indiana Supreme Court has interpreted "personal injury" as used in that statute to extend only to physical injuries, impairment (defined as "an injured employee's loss of physical functions") and disability (defined as "a worker's physical and mental fitness for various employment opportunities").  *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1288 (Ind. 1994).

Gorcos' complaint does not allege any such injury, impairment or disability.  The closest it comes is alleging that "some of the contact [Gorcos experienced] was physical (to include sexually abusive)."  [DE 79 at 4].  But the physical acts described in the complaint, while lewd and patently offensive, are not the sort of actions that would cause physical harm.  *See, e.g.*, [DE 79 at 6] (allegation that Fryzel "ran his hand up Plaintiff's right leg"); [DE 79 at 7] (allegation that Fryzel "slapped [Gorcos'] buttocks").  As such, Gorcos' claim falls outside the ambit of § 22-3-2-6 and therefore the claim is not barred by the Act as argued by the Defendants.  *See Harbison v. Prestige Grp., Inc.*, No. IP 99-0882, 2001 WL 395786, at *33–34 (S.D. Ind. Mar. 16, 2001) (negligent retention claim in connection with allegations of sexual harassment not barred where the plaintiff did not allege any physical injury); *Preston v. Chancellor's Learning Sys., Inc.*, No. 1:08-CV-1017, 2009 WL 1583464, at *4 (S.D. Ind. June 4, 2009) (state tort claims

---

[8] While Fryzel seeks to incorporate this argument as to count VI against him, [DE 89 at 10], the Court rejects it for reasons set forth in this section.  However, dismissal of count VI is appropriate on other grounds as discussed below.

not barred where, although the plaintiff alleged that her supervisor physically touched her, the injuries "at the heart" of her complaint were not physical and there was no impairment or disability); *Showalter v. Richmond*, No. 1:08-CV-666, 2010 WL 746785, at *4 (S.D. Ind. Feb. 26, 2010) (negligent retention claim in connection with ADEA claim not barred where the plaintiff's claim was not based on a physical injury, impairment or disability); *Priest v. Schindler & Pursley, Inc.*, No. 1:06-CV-65, 2006 WL 2457210 (N.D. Ind. Aug. 22, 2006) (state law claims not barred where the plaintiff was "seeking damages for emotional, not physical, injuries, resulting from the alleged sexual discrimination").

Further, while the Defendants seek to rely on *Wiseman v. AutoZone, Inc.*, 819 F.Supp.2d 804 (N.D. Ind. 2011) and *Guess v. Bethlehem Steel Corp.*, 913 F.2d 463 (7th Cir. 1990), those cases do not help them. *Guess* found that the Act barred a claim for intentional infliction of emotional distress, holding that the Indiana's Workmen's Compensation law is "the exclusive remedy for injuries, physical *or mental*, arising out of the employment relationship." 913 F.2d at 466 (emphasis added). So, it could support the proposition that even non-physical injuries fall within the exclusive jurisdiction of the Workmen's Compensation Act. But it was decided before *Perry*, which clearly held that non-physical injuries are not barred by the Act unless they rise to the level of a disability, which Gorcos does not allege. And the latter case binds this Court. *See Weigle v. SPX Corp.*, 729 F.3d 724, 737 (7th Cir. 2013) (in evaluating claims brought under diversity jurisdiction, the Court is "bound to apply Indiana law as [it] predict[s] it would be applied by the Indiana Supreme Court."). As to *Wiseman*, the Plaintiff there did allege physical injuries. *Wiseman*, 819 F.Supp.2d at 825 (noting that Wiseman did "not *exclusively* claim damages from physical injuries") (emphasis added). So, that case does not indicate that the Act can bar a claim for exclusively non-physical harm. Accordingly, *Wiseman* and *Guess*

notwithstanding, the Court denies the Defendants' motion to dismiss Gorcos' negligent retention claim.

<u>Count VI (Negligence Against Frego, Turturillo and Fryzel)</u>

Lastly, the Defendants move to dismiss Gorcos' negligence allegations against Frego, Turturillo and Fryzel in their individual capacities. Among other things, Turturillo and Frego argue that the gravamen of Gorcos' complaint is that Frego and Turturillo failed to protect her from sexual harassment by Fryzel, which must fall within the scope of their employment and thus within the immunity conferred by the Tort Claims Act, Indiana Code § 34-13-3-5.[9] That is not, however, an accurate characterization of Gorcos' claim. As the Court previously noted, Gorcos' amended negligence allegation "no longer alleges negligence for failure to stop or prevent sexual harassment by Defendant Fryzel," rather it directly "alleges negligence for Frego's and Turturillo's own acts of sexual harassment." [DE 78 at 3].

That points to the more significant problem with Gorcos' claim, which Fryzel raises: it is an improper attempt to fit intentional tort allegations into a negligence theory. Gorcos' complaint paints a picture of repeated sexual misconduct by Fryzel, with lesser contributions by Frego and Turturillo. It further claims that this conduct was tantamount to "sexual harassment and abuse" by each of those Defendants. [DE 79 at 21]. Those are allegations of deliberate misconduct, not inadvertent harm. Indeed, that is underscored in part by Gorcos' decision to bring battery and false imprisonment claims against Fryzel. Since a negligence claim cannot be predicated on allegations of intentional wrongdoing, count VI of Gorcos' complaint must be

---

[9] The Court notes that even if the Plaintiff alleged physical injuries that occurred within the scope of her employment, her claim would not be covered by the Tort Claims Act since it alleges "willful and wanton" misconduct. *See Reiner v. Dandurand*, 33 F. Supp. 3d 1018, 1032-33 (N.D. Ind. 2014) (finding that the defendant police officers "were acting well within the scope of their employment" but that under the Tort Claims Act certain claims against them involving "willful or wanton misconduct" could nevertheless proceed); *J.H. v. Sch. Town of Munster*, No. 2:12-CV-69, 2016 WL 427351, at *11 (N.D. Ind. Feb. 3, 2016) (finding that knowing of, but failing to stop swim team hazing—i.e. conduct less egregious than that at issue in this case—was willful and wanton).

dismissed.  *See Sans v. Monticello Ins. Co.*, 676 N.E.2d 1099, 1102 (Ind. Ct. App. 1997) ("there is no such cause of action as negligent assault and battery") (citing *United National Insurance Company v. Tunnel, Inc.*, 988 F.2d 351, 353 (2nd Cir. 1993)); *Taedger v. New York*, No. 1:12-CV-0549, 2013 WL 5652488, at *10 (N.D.N.Y. Oct. 15, 2013) (dismissing negligent infliction of emotional distress claim based on sexual harassment, in part because the actions alleged "were intentional and deliberate" and thus "outside the ambit of actionable negligence"); *Wilson v. Diocese of New York of Episcopal Church*, No. 96 CIV. 2400, 1998 WL 82921, at *6 (S.D.N.Y. Feb. 26, 1998) (rejecting attempts to "transmogrify intentional torts [based on sexual assault] into 'negligence'").

## CONCLUSION

Consistent with the above analysis, the Court DENIES the Plaintiff's motion to strike [DE 105].  It GRANTS IN PART Frego, Kil, Turturillo and the Town's motion to dismiss/strike [DE 80] as to counts II, VIII and IX, but DENIES it as to count V.  It GRANTS Frego and Turturillo's motion to dismiss [DE 86] count VI.  It GRANTS Defendant Fryzel's motion to dismiss [DE 88] counts I (as arising under the Fourth Amendment) and VI.  Accordingly, the Court dismisses counts II and IX without prejudice, dismisses counts I and VI with prejudice and strikes count VIII.  The remaining counts are: count III (substantive Title VII violation against the Town), count IV (Title VII retaliation against the Town), count V (negligent retention against the Town), count VII (battery and false imprisonment against Fryzel) and the § 1983 Fourteenth Amendment claim derived from the allegations of count I against Fryzel.

SO ORDERED.

ENTERED:  September 20, 2016


_____/s/ JON E. DEGUILIO_____
Judge
United States District Court