UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOAN GORCOS, | ) | |
|       Plaintiff, | ) | |
| | ) | CAUSE NO. 2:15-CV-84-RL-PRC |
| v. | ) | |
| | ) | |
| MICHAEL FRYZEL, *et al.*, | ) | |
|       Defendants. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on an Agreed Motion to Enforce Settlement Agreement of Defendants Frederick Frego, Stephen Kil, Town of St. John, James Turturillo, and Michael Fryzel [DE 160], filed by Defendants on September 6, 2017, a Motion for Expedited Hearing Date [DE 167], filed by Defendants on September 26, 2017, a Supplemental Motion for Expedited Hearing Date [DE 169], filed by Defendants on October 11, 2017, and on a Memorandum in Support of Request for Sanctions [DE 174], filed by Defendant Michael Fryzel on October 16, 2017.

On October 2, 2017, District Court Judge Rudy Lozano entered an Order [DE 168] referring the Motion to Enforce Settlement Agreement and the Motion for Expedited Hearing to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On October 12, 2017, Judge Lozano entered an Order [DE 170] referring the Supplemental Motion for Expedited Hearing Date to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The Memorandum in Support of Request for Sanctions is not subject to the Order of Referral.

For the following reasons, the Court strikes the Memorandum in Support of Request for Sanctions and recommends that the District Court deny the Motion for Expedited Hearing and Supplemental Motion for Expedited Hearing and grant in part and deny in part the Motion to Enforce Settlement Agreement.

## PROCEDURAL BACKGROUND

On March 9, 2015, Plaintiff initiated this cause of action by filing a complaint. The case is currently pending on Plaintiff's Third Amended Complaint. Plaintiff brings federal law claims under 42 U.S.C. §§ 1983 and 2000e and state law claims under Indiana tort law.

On August 21, 2017, Plaintiff and Defendants Michael Fryzel and Town of St. John filed a Joint Motion for Entry of Protective Order, in which they represented that "the parties verbally agreed to settlement . . . and that settlement has not yet been effectuated by a signed Release." (ECF No. 156, ¶ 3). That motion was denied for procedural reasons, and the motion was refiled on August 29, 2017, by the same parties and with the same representation.

On September 6, 2017, Defendants filed the instant Motion to Enforce Settlement Agreement. Plaintiff filed a response on September 19, 2017, and Defendants filed a reply on September 26, 2017. Also on September 26, 2017, Defendants filed their Motion for Expedited Hearing. Plaintiff's deadline to file a response passed. No response has been filed. Defendants filed their Supplemental Motion for Expedited Hearing on October 11, 2017. Defendant Fryzel filed his Memorandum in Support of Request for Sanctions on October 16, 2017.

## FACTUAL BACKGROUND

Plaintiff's deposition was scheduled for August 8, 2017. A portion of that deposition's record has been filed on the docket as Exhibit A to Defendants' Memorandum in Support of the Motion to

2

Enforce. At the hearing, Plaintiff was represented by Attorney Cooper; Defendants Frego, Kil, Turturillo, and Town of St. John were represented by Attorneys Knight, Clark, and Austgen; and Defendant Fryzel was represented by Attorney Hinkle. During the deposition, Plaintiff's counsel, after verifying that he was speaking on the record, stated "All right. So we have a settlement." (Ex. A, 5:7-8, ECF No. 161-1). The parties discussed confidentiality of the deposition. Then, Plaintiff's counsel said "Let's move on to the settlement terms." *Id.* at 6:13-14. The following statement of the settlement terms was made:

> MS. KNIGHT: Okay. Nobody is ever going to talk about anything that was said in this room ever unless a court orders you to.
> MR. CLARK: In fact, I'd like to collect your notes from the deposition and hold them if you ever need them. If you could find them –
> MR. COOPER: That's great. Can we do that right now?
> MR. CLARK: I'll do it.
> . . .
> MR. COOPER: All right. Betty, we're waiting for you.
> MS. KNIGHT: To do what?
> MR. COOPER: We have to put the settlement into the record.
> MS. KNIGHT: Oh, I wasn't. I thought –
> MR. COOPER: Who's the person? Matt? You're going to delegate it to Matt –
> MR. CLARK: Oh, okay.
>       So, the parties have come to a financial agreement in the amount of $150,000. That's representative of all attorney fees, costs -- any kinds of damages whatsoever. All of this is going to be reduced to writing and released to be signed.
>       In addition, it's been agreed by the Town to keep her on until August 29th. She will be on the payroll to be paid by the Town through next Friday, August 18th. And between August 18th and the 29th, she will be using PTO time, vacation time -- however it's defined by the Town.
> MR. COOPER: Payment on a 1099.
> MR. CLARK: Payment will be on a 1099.
>       At the end of the time frame, she's going to retire. She'll be effectively retired on August 29th. She will be paid any benefits that's due her through the Town.
> . . .
>       Based on the applicable laws.
> MR. COOPER: And payment within seven days of the executed agreement.
>       And, Matt, you have agreed to send me a draft of the agreement?

3

> MR. CLARK: I have. We will circulate that tomorrow. It's going to be -- seven days though is after -- there's going to be a subsequent discussion –
> MR. COOPER: Right. Right. So can we go off the record one moment?
>
> (WHEREUPON, a short break was taken.)
>
> MR. COOPER: Back on the record.
> MS. KNIGHT: So we've -- the parties have reached an agreement subject to a mutual release, which will contain all of the provisions that the parties have agreed upon. And if for any reason that mutual release -- if there is a breakdown and the terms are not agreed upon in the mutual release, we've reached all [*sic*] settlement. So it is all subject to this release.
> MR. COOPER: All depositions, including those scheduled for tomorrow, are now postponed.
> MS. KNIGHT: Excuse me. Subject to the release -- I'm sorry. Not a mutual release.
>      Subject to the release that will contain all of the provisions that the parties agree upon. Not a mutual release.
> MR. COOPER   All of the depositions are postponed. I did send out or my office sent out while we were here today – it didn't come out clearly – while we were here today notices of deps, I think, for August 22nd. Those are continued as well. Everything is continued.
>
> (WHEREUPON, at 3:34 p.m., the deposition was concluded.)

*Id.* at 6:13-9:22.

Defendants represent that, following the deposition, Attorney Clark reduced the terms of the agreement into a Release. The Release provides:

> In consideration of the payments set forth herein, RELEASOR hereby completely releases and forever discharges RELEASEES from any and all past, present or future claims . . . on account of or in any way growing out of or which are subject of this action and/or her employment with the Town of St. John . . . . RELEASOR understands and acknowledges that the foregoing Release of All Claims is to be interpreted liberally to effect maximum protection to RELEASEES.

(Mem. Supp. Mot. Enforce, Ex. B, 1-2, ECF No. 161-2).

Defendants further represent that, on August 20, 2017, Plaintiff proposed changes to the Release, including the addition of a mutual release: "Additionally, RELEASEES agree [to] release

4

RELEASOR from any and all past, present or future claims . . . as to matters for which RELEASOR sued RELEASEES." (Mem. Supp. Mot. Enforce, Ex. C, 1-2, ECF No. 161-3).

Defendants state that the parties engaged in subsequent settlement discussions regarding the possibility of a mutual release but the parties were unable to come to an agreement as to the additional term.

## ANALYSIS

Defendant Fryzel filed his Memorandum in Support of Request for Sanctions forty days after the filing of the Motion to Enforce Settlement Agreement. Though Fryzel names the document a "Memorandum," the document is untimely if it is to be considered a memorandum in support of the motion. Next, if Fryzel's document is a sur-reply, Fryzel did not seek, and the Court did not grant, leave to file this document. Third, if appears that Fryzel is seeking sanctions for behavior occurring after the filing of the motion. If Fryzel is seeking new relief, then a new motion must be filed. For theses three reasons, the Court strikes the Memorandum in Support of Request for Sanctions. The request for sanctions regarding actions occurring after the reply was filed may be brought in a new motion for sanctions. The Court offers no opinion on the likelihood of success of such a motion.

In the Motion to Enforce Settlement Agreement, Defendants ask the Court to enforce the "original agreed upon terms in the original Release." (Mem. Supp. Mot. Enforce, at 4, ECF No. 161).

An agreement to settle a claim, even if it is a federal law claim, is governed by state contract law. *Dillard v. Starcon Int'l, Inc.* 483 F.3d 502, 507 (7th Cir. 2007). "An offer, acceptance, plus consideration make up the basis for a contract." *Zimmerman v. McColley*, 826 N.E.2d 71, 76 (Ind. Ct. App. 2005). In the context of employment discrimination claims, though, there is an additional

5

requirement that the settlement is knowing and voluntary. *Dillard*, 483 F.3d at 507. The Supreme Court of Indiana provides the following statement of the law.

> Indiana strongly favors settlement agreements. And it is established law that if a party agrees to settle a pending action, but then refuses to consummate [her] settlement agreement, the opposing party may obtain a judgment enforcing the agreement. Settlement agreements are governed by the same general principles of contract law as any other agreement.

*Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003) (citations omitted). "The intent relevant in contract matters is not the parties' subjective intents but their outward manifestation of it." *Zimmerman*, 826 n.E.2d at 77.

Plaintiff, in her response, asserts that Defendants' "characterization of events is not accurate." (Resp. at ¶ 1, ECF No. 165). Plaintiff does not argue that she did not come to an agreement with Defendants at her deposition. Neither does she argue that her agreement was unknowing or involuntary. Instead, she argues that the settlement agreement included a mutual release of claims by all parties, including suits that could be brought by Fryzel.[1] In Plaintiff's words, "[t]he remaining issue is Plaintiff's request that a sentence is included which states that[,] should Defendant Michael Fryzel sue her, she may counter-sue him." *Id.* at ¶ 3.

The record on this matter resolves the issue. Attorney Knight originally stated on the record that there would be a mutual release, but she later indicated that she had misstated the term and that the settlement is "[s]ubject to the release that will contain all of the provisions that the parties agree upon. Not a mutual release." (Mem. Supp. Mot. Enforce, Ex. A, 9:11-13). Plaintiff's counsel did not

---

[1] Plaintiff also argues that any suit by Fryzel would be frivolous and would violate the statute of limitations. The Court makes no finding as to the accuracy of these arguments, as they do not inform whether the settlement agreement includes mutual release as a term.

6

object to this correction on the record. Plaintiff's outward manifestations show that she agreed to settle this matter without a mutual release. There was a "meeting of the minds" on this issue.

Further, in both motions for protective order filed in late August, Plaintiff agreed that the parties had reached a settlement. "Some litigants in pursuing settlement of their claims hold the belief that they can change their mind at any time before they actually sign the settlement agreement. . . . [T]hat perception is often unfounded in the law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 337 (7th Cir. 2000). The release term of the settlement agreement is not ambiguous. Plaintiff agreed to settle her claims without a mutual release, and she should be held to that agreement. The Court recommends that the District Court grant the Motion to Enforce Settlement Agreement as to the request to enforce the agreement.

Defendants also ask for an award of attorneys fees incurred in litigating this matter. However, Defendants do not provide any argument in their memorandum or reply regarding this request, nor do they cite any legal authority authorizing such an award. Defendant Fryzel's Memorandum discusses the matter, but that document has been stricken for the reasons stated above. The general rule is that parties pay their own attorney fees. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). In light of Defendants' lack of argument on this point in the authorized briefing of this Motion, the Court sees no reason to deviate from the general rule and recommends that the District Court deny this request.

Though Defendants request an expedited hearing on this matter, an evidentiary hearing is not needed. *See Wilson v. Wilson*, 46 F.3d 660, 664-65 (7th Cir. 1995); *see also* (7th Cir. 2014) ("A court has discretion to deny an evidentiary hearing if [the parties] cannot show that an evidentiary hearing would have an articulable bearing on the material issues in dispute." (citing *U.S. v. 8136 S.*

7

*Dobson St., Chicago, Ill.*, 125 F.3d 1076, 1086 (7th Cir. 1997); *Duncan Foundry & Mach. Works, Inc. v. N.L.R.B.*, 458 F.3d 933, 935 (7th Cir. 1972))) (finding no error in court's decision to not hold an evidentiary hearing on a motion for substitution under Fed. R. Civ. P. 25(c)). The disputed term of the settlement agreement was stated on the record. Plaintiff does not argue that the transcript of the deposition is inaccurate or incomplete. Plaintiff provides no contrary evidence of the parties agreeing to a mutual release. There is no need to bring the parties to a hearing to state on the record matters on which there is a sufficient record and no conflicting evidence. *Id.* at 665. Because no hearing is necessary, there is nothing to expedite. Therefore the Court recommends that the District Court deny as moot the Motion for Expedited Hearing and the Supplemental Motion for Expedited Hearing.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Agreed Motion to Enforce Settlement Agreement of Defendants Frederick Frego, Stephen Kil, Town of St. John, James Turturillo, and Michael Fryzel [DE 160] and **DENY as moot** the Motion for Expedited Hearing Date [DE 167] and the Supplemental Motion for Expedited Hearing Date [DE 169]. If this Report and Recommendation is adopted, the Court further **RECOMMENDS** that the District Court:

  (1) Declare that the settlement agreement of August 8, 2017, was entered into knowingly and voluntarily, is fully enforceable, and, in particular, does not include a mutual release of claims;

  (2) Order Plaintiff to execute the document found at Exhibit A of Defendant's Motion [DE 160], which memorializes the already enforceable settlement agreement;

8

and

(3) Deny Defendants' request for an award of attorneys fees.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

The Court hereby **STRIKES** the Memorandum in Support of Request for Sanctions [DE 174].

SO ORDERED this 17th day of October, 2017.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT